UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ALLEN ETCHISON,

                Petitioner,                Case No. 1:08-cv-1024

v.                                    Honorable Janet T. Neff

SHIRLEE A. HARRY,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.   Factual Allegations

Petitioner Brian Allen Etchison presently is incarcerated at the Muskegon Correctional Facility.  He currently is serving two terms of life without parole and one consecutive term of two years, imposed by the Calhoun County Circuit Court on February 17, 1989, after a jury convicted Petitioner of two counts of first-degree murder, MICH. COMP. LAWS § 750.316, and one count of possessing a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b.

Following his conviction, Petitioner appealed to the Michigan Court of Appeals, which affirmed his convictions and sentences on August 7, 1991.  Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on March 30, 1992.  Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

On January 12, 2004, Petitioner filed a motion for evidentiary hearing in the Calhoun County Circuit Court, which the court construed as a motion for relief from judgment.  The court denied the motion on February 25, 2004.  Petitioner sought leave to appeal to the Michigan Court of Appeals, which denied leave to appeal on August 20, 2004 on the grounds that Petitioner failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D).  Petitioner did not seek leave to appeal to the Michigan Supreme Court.

On April 12, 2007, Petitioner filed a motion for relief from judgment in the Calhoun County Circuit Court.  The motion was denied on May 30, 2007 on the grounds that Petitioner had filed a prior similar motion that had been denied.  Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, which denied leave to appeal on December 14, 2007. Petitioner sought leave to appeal to the Michigan Supreme Court.  The supreme court denied leave

to appeal on July 29, 2008.  Both the court of appeals and the supreme court denied leave to appeal

on the grounds that Petitioner had failed to meet the burden of establishing entitlement to relief under

MICH. CT. R. 6.508(D).  Petitioner filed the instant habeas petition on or about October 16, 2008.[1]

## II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28

U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized
> by the Supreme Court, if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on October 16, 2008, and it was received by the Eastern District of Michigan on October 22, 2008.  Thus, it must have been handed to prison officials for mailing at some time between October 16 and October 22, 2008.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

[2] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to paragraph nine of Petitioner's amended application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on March 30, 1992.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, June 29, 1992.

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit held that there exists a one-year grace period from enactment of the statute on April 24, 1996. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999).  A petitioner whose conviction became final prior to the effective date of the AEDPA had until April 24, 1997 in which to file his petition.

*Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Bronaugh*, 235 F.3d at 284-85.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired in 1997, his collateral motions filed in 2004 and 2007 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-009. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2)

that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has filed a lengthy brief arguing that he should be entitled to equitable tolling because, at the time he was sentenced, he had an I.Q of 66 because of his poor educational background. He alleges that he was unaware of the federal filing deadline and of the limitation on the number of state collateral motions or federal petitions that could be filed. He also claims that he was reluctant to rely on a "jail-house lawyer" to present his claims in a state post-conviction motion, though he eventually allowed a prisoner to assist him to file his "first and only" motion for relief from judgment in 2007. (*See* Br. in Opp. to Statute of Limitations at 2, docket #9.) When he lost that motion, Petitioner decided to educate himself, at which point he learned that he had a right to file only one state-court motion for relief from judgment. He filed his own appeals, raising all possible claims. After losing his state-court appeals, Petitioner researched federal law and concluded that he had one year in which to file his habeas petition after denial of his motion by the Michigan Supreme Court. He argues that he only belatedly has learned that his federal statute of limitations began to run upon enactment of the AEDPA on April 24, 1996. He argues that, because of his misunderstanding, he should be entitled to equitable tolling.

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Petitioner argues, however, that his ignorance and confusion were reasonable,

noting that the Sixth Circuit did not decide until 1999 that a one-year grace period applied to convictions that were final before April 24, 1996, *see Austin*, 200 F.3d 391; until 2001 that the one-year limitations period was subject to equitable tolling, *see Dunlap*, 250 F.3d 1001; or until 2003 that a properly filed post-conviction motion does not restart an expired period of limitations, *see McClendon*, 329 F.3d 490.

Regardless of Petitioner's arguments concerning the reasonableness of his ignorance, Petitioner fails to demonstrate the necessary diligence warranting equitable tolling.  By his own admissions, Petitioner did not begin to educate himself about federal law until 2007, fifteen years after his conviction became final.  He acknowledges that, prior to that time, he focused only on his state-court post-conviction motion, which was subject to no statute of limitations and which, for strategic reasons, Petitioner took thirteen years to prepare.  Such lengthy delays in pursuing his state and federal rights fall far short of the diligence described by the Supreme Court in *Pace*, 544 U.S. at 418, and *Lawrence*, 127 S. Ct. at 1085.

Moreover, Petitioner's alleged mental limitations in 1989 do not amount to the sort of extraordinary circumstances warranting tolling of the statute of limitations.  Mental or physical illness or incapacity tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Price v. Lewis*, 119 F. App'x 725, 726-27 (6th Cir. 2005) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) and *Rhodes v. Senkowski*, 82 F. Supp.2 d 160, 168-70 (S.D.N.Y. 2000)).  "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002).  *See also, Herbst v.*

*Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) ("We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time" (citation and internal quotation marks omitted) (emphasis added)); *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (finding equitable tolling inappropriate where the evidence demonstrated the plaintiff's ability to file his claim, in spite of his mental condition); *Lopez v. Citibank, N.A.*, 808 F.2d 905, 907 (1st Cir. 1987) (same).

Petitioner makes no allegations that he suffered from a mental deficiency that made it impossible for him to seek legal redress during the entire period between his conviction in 1989 and the filing of his habeas petition in 2008. Petitioner does not even allege that he was mentally limited by the time his federal statute of limitations accrued in 1996. Instead, he alleges only that he wished to educate himself to a high standard before filing any state-court motion because he was aware that he was entitled to file only one such motion. Petitioner simply did not bother to research his rights under federal law until his state-court motion was denied. Moreover, Petitioner's attachments to the original petition demonstrate that he was capable of seeking collateral review at least as early as 2004, when he filed his motion for evidentiary hearing. *See Brown*, 232 F. Supp. 2d at 768 (petitioner who claimed mental disability but was able to pursue his legal claims during the elapsed period was not entitled to equitable tolling). Petitioner's allegations therefore fall far short of demonstrating the sort of extraordinary circumstances entitling him to equitable tolling. *See Price*, 119 F. App'x at 727; *see also Lawrence*, 127 S. Ct. at 1085. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547

U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court

may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file

objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the

District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied

because it is barred by the one-year statute of limitations.  I further recommend that a certificate of

appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  January 15, 2009                             /s/ Ellen S. Carmody
                                                    ELLEN S. CARMODY
                                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of
service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and
responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections
may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th
Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).